# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>    Plaintiff,<br>vs.<br><br>HEAD USA, INC., a Connecticut corporation,<br><br>    Defendant. | CASE NO. 06cv1434 BTM (CAB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

    Currently before the Court is Defendant's Motion to Stay Proceedings pursuant to Fed. R. Civ. P. 12(b)(3) and Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55.

    The Court, having reviewed the submissions of both parties and considered the matter, hereby **DENIES** Defendant's motion to stay.  This denial is without prejudice to Defendant's opportunity to bring a new motion to stay under the "first-to-file" rule if Plaintiff's motion to dismiss or transfer venue in the related matter pending before the District Court of Connecticut is denied.

    The Court, having reviewed the submissions of both parties and considered the matter, also **DENIES** Plaintiff's motion for default judgment.  Defendant styled its motion to stay as a motion under Rule 12(b)(3) and the "first-to-file" rule.  While a motion to stay is generally considered to be outside of the ambit of the Rule 12(b) motions that suffice as

responsive pleadings, they are often considered by courts prior to the filing of an answer. See, e.g., Butler v. Judge of United States District Court, 116 F.2d 1013, 1015 (9th Cir. 1941); Intec USA, LLC v. Engle, No. 1:05cv468, 2006 U.S. Dist. LEXIS 24100, at *1 n.1 (M.D.N.C. Mar. 23, 2006); Cunningham v. Posnet Services, LLC, No. 4:05-cv-4191-JLF, 2005 U.S. Dist. LEXIS 34140, at *1-2 (S.D. Ill. Dec. 12, 2005); Smith v. Pay-Fone Systems, Inc., 627 F. Supp. 121, 122-23 (N.D. Ga. 1985); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2006) ("A motion to stay also is not within the ambit of the defenses enumerated in Rule 12(b).  Nonetheless, relying on their inherent power, federal courts often consider these motions in an effort to maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts.").  Thus, while Defendant failed to file a responsive pleading, its motion to stay was a timely and proper filing.  Defendant is certainly not ignoring this lawsuit and, accordingly, an entry of default is not appropriate.  See Cunningham, 2005 U.S. Dist. LEXIS 34140, at *3 (finding entry of default unwarranted where Defendant removed the matter to federal court and filed motion to stay pending ruling in parallel district court proceeding).  Even if this Court were to enter default against Defendant, that default would almost certainly be vacated because Defendant appeared to be acting under the good-faith, but mistaken, belief that its motion to stay qualified as a defense under Rule 12(b).  Thus, its failure to file a timely responsive pleading would be excusable.  See TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 695-98 (9th Cir. 2001).  Accordingly, Plaintiff's motion for default judgment is denied.

//

//

//

//

//

Defendant is directed to respond to Plaintiff's complaint within ten (10) days of the entry of this order. Both parties shall appear before Magistrate Judge Bencivengo for an Early Neutral Evaluation conference on December 12, 2006 at 2:00pm.

**IT IS SO ORDERED.**

DATED: October 31, 2006

*/s/ Barry Ted Moskowitz*

Hon. Barry Ted Moskowitz
United States District Judge